

**Federal Communications Commission**

Office of General Counsel—Litigation Division
45 L Street NE • Washington, DC 20554
Tel: (202) 418-1740 • Fax: (202) 418-2819

April 25, 2025

Clifton B. Cislak, Clerk
U.S. Court of Appeals for the
  District of Columbia Circuit
333 Constitution Ave. NW
Washington, DC 20001

>  Re:  *Sprint Corp. v. FCC*, & *T-Mobile USA, Inc. v. FCC*,
>  Nos. 24-1224 & 24-1225

Dear Mr. Cislak:

As Sprint and T-Mobile note in their April 18, 2025 letter, a Fifth Circuit panel concluded that the FCC's enforcement proceeding leading to a monetary forfeiture order violated another carrier's Seventh Amendment rights. *AT&T, Inc. v. FCC*, No. 24-60223 (5th Cir. Apr. 17, 2025). This Court should not follow that decision.

The FCC's monetary forfeiture proceedings pose no Seventh Amendment problem because Section 504(a) allows carriers to demand a de novo jury trial before any penalty must be paid. (FCC Br. 29–33.)

The Fifth Circuit relied in part on its prior holding that "[i]n a section 504 trial, a defendant cannot challenge a forfeiture order's legal conclusions." Slip Op. 19. That conclusion is contrary to *Capital Traction Co. v. Hof*, 174 U.S. 1 (1899), which held that an initial tribunal can lawfully enter judgment without a full jury trial where a subsequent "trial [anew] by jury, at the request of either party" was available. *See id.* at 4, 37-39, 45-46. And as the Carriers concede (Br. 35; *see also* FCC Br. 31–32), that is not the law in this Circuit. *See AT&T Corp. v. FCC*, 323 F.3d 1081, 1085 (D.C. Cir. 2003); *Pleasant Broad. Co. v. FCC*, 564 F.2d 496, 500–03 (D.C. Cir. 1977). Even if it were, the proper approach would be to challenge

Clifton B. Cislak
April 25, 2025
Page 2

that limitation in the trial court and seek to strike the limitation—not to vacate the forfeiture order.

Moreover, while the Fifth Circuit found the Section 504(a) process inadequate because forfeiture orders "have real-world impacts on carriers," Slip Op. 18, this Court has held that a party "suffering from demonstrably adverse consequences" from a forfeiture order "could bring a declaratory judgment action" and demand a de novo trial. *Pleasant Broadcasting*, 584 F.2d at 502; *Action for Children's Television v. FCC*, 59 F.3d 1249, 1262 (D.C. Cir. 1995).

Thus, even if the Seventh Amendment applied (it does not because the forfeiture order involves public rights, not private rights with a common-law analogue, *see* FCC Br. 34–44), it would be satisfied here.

|  | Respectfully submitted, |
|---|---|
|  | /s/ *John R. Grimm* |
| Abigail A. Slater | |
| *Assistant Attorney General* | D. Adam Candeub |
|  | *General Counsel* |
| Robert B. Nicholson | |
| Matthew A. Waring | Bradley Craigmyle |
| *Attorneys* | *Deputy General Counsel* |
|  | Jacob M. Lewis |
| U.S. DEPARTMENT OF JUSTICE | *Associate General Counsel* |
| 950 Pennsylvania Ave. NW | |
| Washington, DC 20530 | John R. Grimm |
|  | *Counsel* |

cc:   All Counsel (via CM/ECF)